# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK DAMSTRA, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| CREDENCE RESOURCE MANAGEMENT LLC; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, MARK DAMSTRA, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, CREDENCE RESOURCE MANAGEMENT LLC ("CREDENCE") and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of Hoboken, New Jersey within Hudson County, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      CREDENCE has an office located at 6045 Atlantic Boulevard, Suite 210, Norcross, Georgia 30071.

8.      Upon information and belief, CREDENCE uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      CREDENCE is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from CREDENCE, concerning a debt owned by AT&T MOBILITY which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* described herein.

   The class definition may be subsequently modified or refined.  The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice.  (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2

redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.  Whether the Defendants violated various provisions of the FDCPA including but not limited to:

    15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); and 1692e(10);

    b.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to December 10, 2014, Plaintiff allegedly incurred a financial obligation to AT&T MOBILITY ("AT&T").

16.     The AT&T obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     The AT&T obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     AT&T is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.     On or about December 10, 2014 AT&T referred the AT&T obligation to CREDENCE for the purpose of collections.

20.     At the time AT&T referred the AT&T obligation to CREDENCE, the obligation was past due.

21.     At the time AT&T referred the AT&T obligation to CREDENCE, the obligation was in default.

22.     CREDENCE caused to be delivered to Plaintiff a letter dated December 10, 2104, which was addressed to Plaintiff.  **Exhibit A.**

23.     The December 10, 2104 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

24.     The December 10, 2104 letter was the initial communication sent to Plaintiff  by CREDENCE in connection with the collection of the AT&T obligation.

25.     Upon receipt, Plaintiff read the December 10, 2104 letter.

26.     The December 10, 2104 letter stated the following:

> Balance Due: $142.30
> Interest: $0.00
> Total Due:  $142.30

27.     The December 10, 2104 letter also stated:

> **This account is currently delinquent and due in full**.
> (emphasis added).

28.     Additionally, the December 10, 2104 letter stated:

> **We would like to resolve this matter amicably…**
> (emphasis added).

29.     At the time that CREDENCE sent the December 10, 2104 letter to Plaintiff, AT&T had not specifically retained any person or entity to begin legal action against Plaintiff.

30.     At the time that CREDENCE sent the December 10, 2104 letter to Plaintiff, AT&T had not specifically intended that any person or entity begin legal action against Plaintiff.

31.     To date, AT&T has not authorized any person or entity to begin legal action against Plaintiff.

## POLICIES AND PRACTICES COMPLAINED OF

32.     It is Defendants' policy and practice to send initial written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)     Threatening to take any action that is not intended to be taken;

(c)     Using unfair or unconscionable means to collect or attempt to collect any debt; and

(d)     Overshadowing and/or contradicting 15 U.S.C. § 1692g(a)(3).

33.     On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

34.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

35.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

36.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

37.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

38.     Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA in connection with their communications to Plaintiff and others similarly situated by falsely representing the character, amount or legal status of the any debt.

39.     Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA in connection with their communications to Plaintiff and others similarly situated by falsely implying that the amount of the obligation may increase due to interest.

40.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

41.     Defendants violated 15 U.S.C. § 1692e(5) by falsely threatening in the December 10, 2104 letter that:

"We would like to resolve this matter amicably…"

42.     Defendants' use of the phrase "We would like to resolve this matter amicably…" would cause the least sophisticated consumer to believe that AT&T may institute suit to attempt to recover the AT&T obligation when no such lawsuit was specifically authorized and/or intended to be filed.

43.     Defendants violated 15 U.S.C. § 1692e(5) by threatening to take an action that was not intended to be taken.

44.     Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

45.     Defendants violated 15 U.S.C. § 1692e(10) by falsely threatening to take an action that was not intended to be taken.

46.     Section 1692g(a)(3) of the FDCPA provides that:

> "Unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

47.     Defendants' use of the phrase "This account is currently delinquent and due in full" would cause the least sophisticated consumer to believe that it was futile and of no use to dispute the debt.

48.     Defendants' use of the phrase "This account is currently delinquent and due in full" overshadows and/or contradicts the protections provided to Plaintiff by 15 U.S.C. § 1692g(a)(3).

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Glen Chulsky, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: December 3, 2015

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

*s/ Glen Chulsky*
Glen Chulsky, Esq. (GC777)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

_s/ Joseph K. Jones_
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 3, 2015

_s/ Joseph K. Jones_
Joseph K. Jones, Esq.

# Exhibit

# A



**Credence**

*Excellence Beyond Belief*

6045 Atlantic Boulevard
Suite 210
Norcross, GA 30071
855-876-5378

| Name: | Mark Damstra |
|---|---|
| Creditor: | AT&T Mobility |
| Creditor Account No: | |
| Credence Reference ID: | |
| Balance Due: | $142.30 |
| Interest: | $0.00 |
| Total Due: | $142.30 |

Date: December 10, 2014

## ACCOUNT NOTIFICATION

The above listed account owing to AT&T Mobility has been assigned to Credence Resource Management, LLC for collections.

This account is currently delinquent and due in full. We would like to resolve this matter amicably, therefore please send your payment for the above amount by check, money order or cashier's check to Credence Resource Management, LLC PO BOX 2390 Southgate, MI 48195-4390 or contact us at the toll free number 855-876-5378.

Very truly,
Credence Resource Management, LLC

This communication is from a debt collector. This communication is an attempt to collect a debt. Any information obtained will be used for that purpose.

YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING ON YOUR CREDIT RECORD MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL THE TERMS OF YOUR CREDIT OBLIGATIONS.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

A menos de que Ud notifique a esta oficina dentro de 30 dias despues de recibir esta noticia, que Ud esta en desacuerdo con la validez de esta deuda o alguna porcion de esta misma esta oficina asumirá que la deuda es válida. Si Ud notifica a esta oficina por escrito dentro de 30 dias despues de haber recibido esta noticia, esta oficina obtendrá verificación de la deuda y le enviara una copia. Si Ud solicita a esta oficina por escrito dentro de 30 dias despues de haber recibido esta noticia, esta oficina le proveerá a Ud con el nombre y la dirección del principal acreedor, si fuera diferente del presente acreedor.

---

| Credence Resource Management LLC CONTACTS | |
|---|---|
| **Telephone Hours:**<br>Monday to Friday 8:00 AM to 9:00 PM EST<br>Saturday        8:00 AM to 2:00 PM EST<br>Tel: 855-876-5378 | **Send Mail To:**<br>Credence Resource Management LLC<br>PO Box 2390<br>Southgate, MI 48195-4390 |

In order to credit your account properly, you must return this bottom portion with your payment.          ATTVAL

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Call CREDENCE RESOURCE MANAGEMENT at 855-876-5378 to make payment by check, credit or debit card or mail your payment to Credence Resource Management LLC PO Box 2390, Southgate MI 48195-4390.

PO Box 2300
Southgate, MI 48195-4300

| IF PAYING BY CREDIT CARD, FILL OUT BELOW. | | |
|---|---|---|
| **VISA** ☐ VISA          ☐ MasterCard | | |
| Card Number | | CC-ID# |
| Signature | | Exp. Date |
| Credence Reference ID<br>235215348 | Total Due<br>$142.30 | Amount Paid<br>$ |
| Creditor<br>AT&T Mobility | | Client Acct No<br>512025761993 |

Mark Damstra

**Remit Payment To:**

Credence Resource Management LLC
PO Box 2390
Southgate, MI 48195-4390